IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04077-PAB

RADZHANA SHONOEVA,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Denver Contract Detention Facility Aurora, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Radzhana Shonoeva's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 8.

## I. BACKGROUND

Petitioner is a Russian national. Docket No. 1 at 2, ¶ 1. On December 26, 2018, respondents admitted petitioner to the United States as a B-2 visitor, authorized to remain until June 25, 2019. *Id.*, ¶ 2. On December 26, 2019, petitioner filed a form I-589, Application for Asylum and for Withholding of Removal, seeking asylum, withholding of removal, and protection under the Convention Against Torture, based on her race, religion, nationality, and political opinions. *Id.*, ¶ 3. On July 14, 2026, respondents stopped and detained petitioner on her way home. *Id.*, ¶ 7. At the time of petitioner's arrest, she had not been served with a warrant or Notice to Appear. *Id.* at 2,

3, ¶¶ 4, 11. Petitioner also had a valid work permit. *Id.* at 3, ¶ 11. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 4, ¶ 14.

On August 31, 2026, petitioner filed a petition for writ of habeas corpus. *See id.* Petitioner brings claims alleging that respondents violated her constitutional rights by arresting her without a warrant (Count One); violated the Administrative Procedure Act (Count Two); and violated the Due Process Clause (Counts Three and Four). *See id.* at 18-20. Among other forms of relief, petitioner requests that the Court order her release. *See id.* at 20. Respondents respond that, "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 8 at 1.

## II. ANALYSIS

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Thus, her detention is governed by § 1226(a).

Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Petitioner alleges that she was arrested without a warrant, and that she is therefore entitled to release. Docket No. 1 at 7-10. Respondents do not contest that petitioner was arrested without a warrant. *See generally* Docket No. 8.

Under § 1226(a), a noncitizen may be arrested without a warrant under certain circumstances. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) ("Section 1226(a) creates a default rule for those aliens by permitting – but not requiring – the Attorney General to issue warrants for their arrest and detention pending removal proceedings."). Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have failed to provide any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 8. Respondents have failed to show that they had reason to believe that, at the time of petitioner's arrest, petitioner was present in the United States in violation of the law and that she was likely to escape before a warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2). There is no indication that petitioner committed an offense in the presence of immigration officials or that there was a likelihood of petitioner's escape before a warrant could be obtained. *See* § 1357(a)(5). Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner. *See Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1231 (D. Colo. 2025) (finding that plaintiffs had demonstrated a likelihood of success on the merits of their claim that defendants had violated § 1357(a)(2) where the immigration officers took "plaintiffs into custody upon confirming their identities and their lack of lawful status" and the "officers asked no questions – until after their arrests – bearing on flight risk, including about plaintiffs' families, employment, or other community ties"); *Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and

citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will grant the habeas petition on the basis of Count One and order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Radzhana Shonoeva's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **4 days** of the issuance of this order.

DATED September 11, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge